```
         FILED         RECEIVED
         ENTERED       SERVED ON
         COUNSEL/PARTIES OF RECORD

            NOV 12 2004

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
    BY:                        DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY JACOBS, individually and through her father and next friend, DONALD JACOBS; et al., | Case No.: CV-S-04-1490-RLH (LRL) |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion for Preliminary Injunction) |
| CLARK COUNTY SCHOOL DISTRICT; et al., | |
| Defendants. | |

    Before the Court is Plaintiffs' Emergency Motion for a Preliminary Injunction (#3), filed October 28, 2004.[1] The Court has also considered Defendants' Opposition (#11), filed November 8, 2004, as well as Defendants' Reply, filed November 9, 2004. The Court has also taken under consideration those arguments presented by counsel at the hearing on Plaintiffs' Motion, held November 9, 2004.

. . . . .

---

[1] In an Order dated November 2, 2004 (#6), this Court denied Plaintiffs' Motion for Temporary Restraining Order (#2), noting various procedural and evidentiary defects in Plaintiffs' Motion.

1

AO 72
(Rev. 8/82)

## BACKGROUND

Plaintiff Kim Jacobs is an Eleventh Grade student at Liberty High School in Las Vegas. Liberty High has enacted what it terms a "Campus Wardrobe," requiring its students to wear Khaki pants and either red, white, or blue shirts without any printed material thereon.

According to Defendants' uncontroverted factual statement and evidence, Plaintiff Kim Jacobs was warned, reprimanded, suspended, and suspended indefinitely over a six-week period for failure to abide by Liberty High's Campus Wardrobe policy. On September 8, 2004, Kim came to school wearing blue jeans and a t-shirt bearing an allegedly religious message.[2] Kim was sent to the Dean's office, where Kim was reprimanded for her clothing; Kim and her father, Plaintiff D. Jacobs, were told that Kim would receive a warning and informed that future violations would be addressed via the school's progressive discipline plan.

On September 10, 2004, Kim was sent to the Dean's office for wearing a shirt with print on it, but after Kim turned her shirt inside out, she was allowed to return to class. On September 14, 2004, Kim was sent to the Dean's office for wearing jeans and a t-shirt with print on it, whereupon her father was called and asked to bring proper attire for Kim, which he refused to do. Plaintiff D. Jacobs appeared for a conference on the subject, and allegedly stated that Kim would not comply with the dress code. On September 15, 16, and 17, 2004, Kim was sent to the Dean's office for violating the dress code (in each instance, Kim was wearing blue jeans and a shirt with print on it), and in each instance, a conference was held where Plaintiff D. Jacobs allegedly stated that Kim would not comply with the dress code. Kim received detention for the first two of these offenses, and was suspended for three days for the September 17, 2004 violation. Upon her return to school on September 23, 2004, Kim was sent to the Dean's office for wearing

. . . . .

---

[2] Plaintiffs are not specific as to which shirts worn by Kim on the different dates bore religious messages, other than to assert that she wore such shirts; consequently, the Court cannot determine with any precision what manner of print was present on Kim's shirt on days other than this date.

2

1  blue jeans and a shirt with print on it, in violation of the dress code, and she was suspended for an
2  additional five days. During both suspensions, Kim was provided with her schoolwork.
3          On September 30, 2004, Kim returned to school wearing a shirt with print on it, and
4  a conference was held wherein Defendants assert Plaintiff D. Jacobs was angry and made obscene
5  and threatening remarks, and Kim was subsequently suspended for seven days. On October 11,
6  2004, Kim returned to school wearing white pants and a shirt with print on it, and was suspended
7  for ten days. On October 14, 2004, the Clark County School Board (hereafter CCSB) held a public
8  meeting with the purpose of reconsidering dress code requirements in the District. On October 25,
9  2004, CCSB proposed revisions to the regulations governing dress codes such that students might
10 be allowed to opt out of the codes for the 2004-2005 school year. On October 27, 2004, Kim
11 returned to Liberty High wearing a shirt with print on it, in violation of the dress code. At that
12 time, she was suspended pending a recommendation that she attend Cowan Behavior Program
13 because of her continued non-compliance with the school's dress code. A due process hearing was
14 scheduled but cancelled; the Court is unaware of the scheduling or completion of a subsequent
15 hearing.
16         On October 28, 2004, Plaintiffs brought suit against Clark County School District
17 and several of its officials and employees, alleging that: NRS 392.458, Clark County School
18 District Regulation 5131 (hereafter CCSD Reg. 5131), and Liberty High's mandatory school
19 uniform requirement violated Plaintiffs' rights to free speech, free exercise of religion, equal
20 protection, due process, and are overbroad and vague; Defendants had failed to comply with NRS
21 392.458 and CCSD Reg. 5131; Defendants interfered with Plaintiffs' right to an education;
22 Defendants interfered with Plaintiffs' parental rights; and Defendants intentionally inflicted
23 emotional distress upon Plaintiffs. On October 28, 2004, Plaintiffs filed a Motion for Temporary
24 Restraining Order and their instant Motion for Preliminary Injunction. On October 29, 2004, this
25 Court denied Plaintiffs' TRO Motion.
26 . . . . .

AO 72
(Rev. 8/82)

## DISCUSSION

After reviewing Plaintiffs' allegations and Defendants' responses thereto, the Court finds that Liberty High does employ a mandatory student uniform, and that Defendants have failed to comply with CCSD Reg. 5131 § VI, which governs the implementation of such mandatory dress policies. Because the Court finds that Liberty High's dress code is unauthorized, that Plaintiffs are likely to prevail on that key assertion, and that the other necessary legal requirements have been met, the Court will grant Plaintiffs' Preliminary Injunction. Having determined that a Preliminary Injunction should issue on those grounds, the Court will not discuss the remainder of Plaintiffs' arguments respecting the constitutionality of NRS 392.458 and CCSD Reg. 5131 in the context of this Order.

### I. Preliminary injunction standard.

In order to obtain a preliminary injunction, a moving party must show that: (1) The moving party will suffer irreparable injury if the relief is denied; (2) The moving party will probably prevail on the merits; (3) The balance of potential harm favors the moving party; (4) AND, depending on the nature of the case, the public interest favors granting relief. International Jensen, Inc. v. U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993).

The Ninth Circuit has also adopted an alternative standard, whereby a court may issue a preliminary injunction if the moving party demonstrates **either** (1) a combination of probable success on the merits and the possibility of irreparable injury, **or** (2) that there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. Id. at 822. The two alternative standards represent opposing points on a sliding scale where the required degree of irreparable harm increases as the likelihood of success decreases. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1985). Under the second alternative standard above, "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." Martin v. Int'l Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984).

The Court will evaluate Plaintiffs' Motion under the first alternative standard.

**II. Application.**

**A. Probable Success on the Merits.** Plaintiffs challenge whether Defendants have complied with NRS 392.458 and CCSD Reg. 5131 § VI, and whether NRS 392.458 and CCSD Reg. 5131 violate Free Speech and Free Exercise of Religion rights arising out of the First Amendment.

After reviewing these allegations, the Court finds that Defendants have not complied with CCSD Reg. 5131, and that Plaintiffs will prevail on this basis. Plaintiffs assert that Defendants failed to comply with NRS 392.458 and Clark County School District Regulation 5131 § VI, both of which address the procedures and prerequisites necessary for CCSD to require that students wear a "school uniform." In making the argument, Plaintiffs assert that Liberty High School's Campus Wardrobe is, in fact, a student uniform. Defendants take exception to that characterization, and assert that the Campus Wardrobe is a dress code that is less stringent than a school uniform, and assert that this dress code was properly implemented under Reg. 5131  §§ II., III., and V. Given that determining the requisites of NRS 392.458 and Reg. 5131 is one of statutory interpretation, the matter is properly before this Court as a question of law.

NRS 392.458 authorizes the board of trustees of a school district to establish policies requiring pupils to wear school uniforms, and outlines minimal requirements that must be met before such a policy may be implemented. Nowhere in NRS 392.458 (or elsewhere in the NRS) is a "school uniform" defined. Clark County School District Regulation 5131 identifies both the authority given to the CCSD/School Administration regarding general dress/grooming/conduct requirements as well as necessary actions that must be taken should a school administration seek to establish a mandatory student uniform. As opposed to NRS 392.458, Reg. 5131 § VI does give some guidance as to what constitutes a school uniform. Reg. 5131 does, however, make a distinction between the lesser imposition of a dress restrictions, and
. . . . .

5

the more exigent imposition of a formal student uniform. Respecting the lesser imposition of dress restriction, Reg. 5131 provides that:

DRESS AND APPEARANCE

. . .

II. Educational Environment. Student's dress, personal appearance, and conduct are required to be of such character as not to disrupt or detract from the educational environment of the school. Any style which tends to diminish instructional effectiveness or discipline control by teachers is not acceptable.

III. Responsibility. The school administration shall have the right to designate which types of dress, fashion, fads, or appearance disrupt or detract from the educational program and may be a potential safety hazard.

It is on the bases of these provisions that Defendants assert they implemented the Liberty High Campus Wardrobe, and that this Wardrobe is not a student uniform subject to § VI.'s procedural requirements.

After considering the foregoing, the Court finds as a matter of law that Liberty High's Campus Wardrobe is a mandatory student uniform under CCSD Reg. § 5131, and that Defendants failed to comply with that regulation's requirements in implementing the mandatory student uniform. While the Court recognizes that the sections of Regulation 5131 reproduced above allow a school administration some discretion in tailoring clothing requirements to further the school's educational goals, here there is no distinction between what has been implemented by Liberty High (under the auspices of 5131 §§ II-III) and what is described as constituting a school uniform. In 5131 § VI (B), Clark County School District defines its mandatory student uniform requirements to be:

| MALES | FEMALES |
|---|---|
| pants (no jeans) | pants (no jeans) |
| shorts (no jeans) | shorts (no jeans) |
| sweaters worn over approved shirts | sweaters worn over approved shirts |
| jackets (school option) | jackets (school option) |
| sweatshirts/sweat suits (plain or school logo) | sweatshirts/sweat suits (plain or school logo) |

6

| | |
|---|---|
| shirts (long- or short-sleeved, logo free or school logo) | shirts (long- or short-sleeved, logo free or school logo) skirts or skorts (no jeans) jumpers (no jeans) blouses (long- or short-sleeved, logo free or school logo) |

Basic colors of khaki, navy, and white will be required at all mandatory uniform schools. Optional color(s) may be added.

While Defendants seek to distinguish between the above-outlined description of the mandatory student uniform and that employed by Liberty High, this Court finds them to be one and the same, with the exception that Liberty High has added red as an acceptable color. See generally Defendants' Opposition, Exhibits B and C. The fact that Defendants claim to be motivated by 5131 §§ II-III in implementing the mandatory student uniform does not exempt them from the requirements of § VI where those dress requirements imposed by Defendants are synonymous with the mandatory student uniform. While the Court sympathizes with Defendants' desire to implement a standard uniform, Defendants are not exempt from the necessity of complying with CCSD Reg. 5131.

The Court addresses only briefly the issue of whether Defendants have complied with 5131 § VI, because Defendants have admitted at hearing that they have not in at least some instances, and Defendants have not controverted Plaintiffs' assertions to that effect in Defendants' Opposition. At hearing, Defendants admitted that they did not formally comply with the § VI(A)(2) requirements, though Defendants assert that anecdotal evidence suggests that parental support for the mandatory student uniform is strong. Likewise, Defendants have not offered zone variances to students who do not want to participate in the school's uniform policy, as required under § VI(C)(6). Given Defendants' admission that they have not complied with the requirements of § VI, and finding that § VI applies, the Court finds that Plaintiffs are likely to prevail in this litigation because Defendants failed to comply with Defendant CCSD's own relevant administrative regulation.

AO 72
(Rev. 8/82)

1    In considering Plaintiffs' administrative arguments, the Court will also address
2    Plaintiffs' argument that CCSD Reg. § 5131 itself violates NRS 392.458. In reviewing the law
3    and regulation, the Court finds that CCSD may structure its policy of allowing student uniforms
4    such that discretion regarding whether to require such a uniform resides with an individual
5    school's administration. NRS 392.458 addresses what steps must be taken to establish a general
6    policy allowing for the imposition of student uniforms. Plaintiffs have not offered any evidence
7    indicating that CCSD's Board of Trustees failed to comply with 392.458's requirements in
8    promulgating CCSD Reg. 5131, and nothing in 392.458 prohibits a school district from
9    implementing a student uniform policy that vests final discretion respecting whether to implement
10   mandatory student uniforms at the school level, so long as the Board of Trustees accomplishes that
11   result after taking the necessary steps. Consequently, the Court finds Plaintiffs' arguments on this
12   point to be unavailing.

13   Having found that Plaintiffs will prevail on administrative grounds, the Court will
14   not here also consider the substantive allegations made by Plaintiffs regarding the constitutionality
15   of requiring the mandatory student uniform at issue in this litigation. Again, this Court is not
16   ruling on the constitutionality of content-neutral restrictions on speech as a part of a public
17   school's dress code.

18   **B. Possibility of Irreparable Injury.** Given the sliding-scale nature of this Court's
19   inquiry into the propriety of granting the requested Preliminary Injunction, and given the Court's
20   finding that Plaintiffs will almost surely prevail on their assertion that Defendants failed to comply
21   with CCSD Reg. 5131, the Court easily finds that possibility of irreparable injury necessary to
22   grant the Injunction. While Ms. Jacobs appears to be keeping up with her schoolwork in an
23   admirable manner while she has been suspended for failing to comply with Liberty High's Campus
24   Wardrobe requirement, the benefits of public education go far beyond a minimal academic
25   experience, and include enjoying associations with others during the school day, after-school
26   activities and clubs, and face-to-face interaction with instructors who are almost certainly more

8

accessible in that forum. Moreover, some classes, such as photography or chemistry, are difficult, if not impossible, to address adequately from home. Further, Defendants are presently threatening to force Ms. Jacobs to attend an alternative high school for students with discipline problems. Given the possibility of such serious emotional and formative injuries, the Court easily finds the requisite possibility of irreparable injury to justify granting a preliminary injunction.

**C. Scope of opinion.** In an effort to be very explicit regarding the import of this Court's present holding, the Court wishes to declare what it IS and is NOT holding:

The Court IS enjoining Defendants via a Preliminary Injunction from further disciplining or suspending Kim Jacobs for having failed in the past, presently failing, and/or failing in the future to adhere to Liberty High's mandatory student uniform, as presently constituted.

The Court IS holding that Liberty High is enjoined from enforcing its mandatory student uniform as presently constituted because Liberty High failed to adhere to CCSD Reg. 5131 in the promulgation of its mandatory student uniform.

The Court is NOT holding that any school other than Liberty High has failed to comply with Reg. 5131, or is bound by the import of the issuing Preliminary Injunction.

The Court is NOT holding that principles of constitutional law forbid implementing a student uniform of the variety that Liberty High has attempted to implement. While this Court has strong reservations respecting the content-specific clothing exceptions made for "nationally-recognized youth organizations such as the Boy Scouts or the Girl Scouts" (see CCSD Reg. 5131 § VI(C)(4) (a.)), the Court would hold that a true, content-neutral regulation allowing for student uniforms may well pass constitutional muster where implemented for those reasons presented by Liberty High. The Court does not view the Ninth Circuit's decision in <u>Chandler v. McMinnville School Districts</u>, 978 F.2d 524 (9th Cir. 1992), which did not address a dress code, to preclude the Fifth Circuit's decision in <u>Canady v. Bossier Parish School Board</u>, 240 F.3d 437 (5th Cir. 2001), . . . . . .

9

which did address a dress code, and which decision this Court opines is a correct application of Supreme Court precedence in such circumstances.

The Court is NOT holding that the Preliminary Injunction has issued in any way on the basis of Plaintiffs' Free Exercise Clause arguments. The fact that Ms. Jacobs was prevented from communicating her religious affiliation or beliefs on her clothing does not of necessity imply that Defendants prevented Ms. Jacobs from practicing her religion. Plaintiffs have made no showing that wearing shirts with a religious message is a necessary part of the practice of Ms. Jacob's religion, and consequently Plaintiffs' Free Exercise Clause arguments would not require the imposition of a preliminary injunction.

## CONCLUSION

Accordingly and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (#3) is GRANTED in that:

• Defendants are enjoined from further disciplining or suspending Kim Jacobs for having failed in the past, presently failing, and/or failing in the future to adhere to Liberty High's mandatory student uniform, as presently constituted;

• Defendants, Liberty High, Liberty High's administration, and Liberty High's employees are enjoined from enforcing Liberty High's mandatory student uniform as presently constituted.

Dated: November 10, 2004.

ROGER L. HUNT
United States District Judge